# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| TERI ENNIS and JOSHUA ENNIS, on behalf of B.E., minor child, | No. 16-1148V |
| Petitioners, | Special Master Christian J. Moran |
| v. | |
| | Filed: December 13, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * *

Amber Diane Wilson, Wilson Science Law, Washington, DC, for Petitioner;
Colleen Clemons Hartley, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On December 12, 2024, the parties filed a joint stipulation concerning the petition for compensation filed by Teri Ennis and Joshua Ennis on September 15, 2016. Petitioners alleged that the influenza and measles, mumps, rubella ("MMR") vaccines B.E. received on February 13, 2015, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused B.E. to suffer from a Table injury of psoriasis and autoimmune hepatitis. Petitioners represents that there has been no prior award or settlement of a civil action for damages on B.E.'s behalf as a result of B.E.'s condition.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Respondent denies that E.B.'s alleged psoriasis and autoimmune hepatitis were caused-in-fact by the flu and/or MMR vaccines; and denies that the flu and/or MRR vaccines caused B.E. any other injury or B.E.'s current condition. Nevertheless, the parties agree to the joint stipulation, attached hereto.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A. A lump sum of $35,000.00 in the form of a check payable to petitioners as guardians/conservators of B.E.'s estate.**

**B. A lump sum of $492.00 representing reimbursement of a Medicaid lien for services rendered to B.E. by the Commonwealth of Kentucky, in the form of a check jointly to petitioners and Equian:**

**Equian**
**Equian Event Number:  45702494**
**Patient:  B.E.**
**P.O. Box 182643**
**Columbus, OH 43218**

**Petitioners agree to endorse this check to Equian.**

**These amounts represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

Christian J. Moran
Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TERI ENNIS and JOSHUA ENNIS, on behalf of B.E., a minor child, ) ) ) | |
| Petitioners, ) | No. 16-1148V |
| ) | Special Master Moran |
| v. ) | ECF |
| ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) | |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Teri Ennis and Joshua Ennis ("petitioners"), on behalf of B.E., a minor child, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to B.E.'s receipt of the influenza ("flu") vaccine and measles, mumps, rubella ("MMR") vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).[1]

2. B.E. received the vaccines on or about February 13, 2015.

3. The vaccinations were administered within the United States.

4. Petitioners allege that B.E. suffered psoriasis and autoimmune hepatitis that were caused-in-fact by the flu and/or MMR vaccines. Petitioners further allege that B.E. experienced the residual effects of these conditions for more than six months.

---

[1] During the pendency of this case, petitioners filed an amended petition regarding subject flu and MMR vaccinations.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on B.E.'s behalf as a result of B.E.'s condition.

6. Respondent denies that B.E.'s alleged psoriasis and/or autoimmune hepatitis or its residual effects were caused-in-fact by the flu and/or MMR vaccines; and denies that the flu and/or MMR vaccines caused B.E. any other injury or B.E.'s current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

A.   A lump sum of **$35,000.00** in the form of a check payable to petitioners as guardians/conservators of B.E.'s estate.

B.   A lump sum of **$492.00**,[2] representing reimbursement of a Medicaid lien for services rendered to B.E. by the Commonwealth of Kentucky, in the form of a check payable jointly to petitioners and Equian:

Equian
Equian Event Number:  45702494
Patient:  B.E.
P.O. Box 182643
Columbus, OH  43218

Petitioners agree to endorse this check to Equian.

---

[2]  This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Kentucky may have against any individual as a result of any Medicaid payments the Kentucky Program has made to or on behalf of B.E. as a result of her alleged vaccine-related injuries suffered on or about February 13, 2015, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

These amounts represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.  Petitioners and petitioners' attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.  Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for B.E.'s benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13.  Petitioners represent that petitioners presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of B.E.'s estate under

the laws of the Commonwealth of Kentucky.  No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of B.E.'s estate.  If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of B.E.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardians/conservators of the estate of B.E., upon submission of written documentation of such appointment to the Secretary.  Further, if guardianship is no longer required under the laws of the Commonwealth of Kentucky after B.E. has attained the age of majority, any such payment shall be paid to B.E. upon submission of written documentation of the termination of guardianship to the Secretary.

      14.  In return for the payments described in paragraphs 8 and 9, petitioners, in petitioners' individual capacities, and as legal representatives of B.E., on their own behalf and on behalf of B.E., and B.E.'s heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of B.E. resulting from, or alleged to have resulted from, the flu and/or MMR vaccinations administered on or about February 13, 2015, as alleged by petitioners in a petition for vaccine compensation filed on or about September 15,

4

2016, and in an amended petition for vaccine compensation filed on or about February 14, 2018, in the United States Court of Federal Claims as petition No. 16-1148V.

15. If B.E. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu and/or MMR vaccines caused B.E.'s alleged injuries, or any other injuries or B.E.'s current condition.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of B.E.

**END OF STIPULATION**

PETITIONERS:

_____
JERI ENNIS, on behalf of B.E., a minor child

_____
JOSHUA ENNIS, on behalf of B.E., a minor child

ATTORNEY OF RECORD FOR
PETITIONERS:

_____
AMBER D. WILSON, Ph.D., Esq.
Wilson Science Law
1629 K Street NW, Suite 300
Washington, D.C. 20006
(202) 709-3379
awilson@wilsonsciencelaw.com

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2024.09.20 12:04:01 -04'00'
_____ for
CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

Colleen C Hartley
by Heather L Pearl
_____
COLLEEN C. HARTLEY
Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
202-616-3644
colleen.hartley@usdoj.gov

Dated: 12/12/2024